Nov. 25, 1907.

———o———

No. 4341.

(Court of Appeal, Parish of Orleans.)

## A. SCHNYDER & CO. VS. J. S. GAINNIE.

1. Plaintiffs contracted to paint defendant's house for a stipulated price. The work was performed but defendant refused to pay on the ground that the work did not answer to the conditions of the contract. The trial Judge held that it did and the evidence fully justifies that conclusion.

Appeal from Civil District Court, Division "D."

Geo. B. Smart, for Plaintiff and Appellee.

E. H. McCaleb, Jr., for Defendant and Appellant.

MOORE, J. On the 2d November, 1905, plaintiffs submitted a written proposal to defendant for the painting by the former of the interior of the latter's residence according to certain specifications and terms contained in the writing. The latter contained a dual proposal for the work. One character of work was offered to be performed for $195.00, the other for $145.00. The latter being accepted by defendant, plaintiffs at once proceeded to do the work, completing it by the latter part of the month. Upon demanding pay for the work, defendant refused to pay, basing his refusal on the ground that the work did not come up to contract in that the number of "coats" of paint to be applied had not been put on, and that the work was otherwise done in an unworkman-like manner and by the use of materials of an inferior quality not contemplated by the contract. Some few defects being pointed out at the time were at once corrected by the plaintiffs, nevertheless the defendant refused to pay the price

21

agreed on. The matter remained in abeyance until some fourteen months later when this suit followed and which resulted in a judgment in plaintiffs' favor for the full amount sued for. From this judgment the defendant appeals.

The evidence in our opinion, as it was in the opinion of the trial judge, conclusively establishes the justness of plaintiffs' demand.

Schnyder, one of the plaintiffs, and the three painters who worked on the job (Bernier, Alvers and Mauthe) all testify at length and in detail as to the manner and character of the work, the quality of the materials used, the number of "coats" put on and to the general perfection and completion of the work, all of which establishes that the contract was fully and faithfully executed by the plaintiffs.

The cause was heard below some eighteen months after the work was finished, and throughout this period, after the original "retouching" was done, plaintiffs were never advised as to what, if any, particular defects in the work existed, or were ever called on to repair or rectify it; nor did the defendant himself ever have the work retouched, repaired or done over by anyone else.

No importance is attached to the testimony of the architect, Williams, who tesified that he did not consider it a "first-class job." He saw the work but once, and that in the dusk of the evening, and some 18 months after the work had been completed.

In addition to the work done under the written contract of Nov. 2, 1905, there was extra work contracted for and performed, which amounted to $31.55.

The proof administered covers the quality and character of this work also, and shows it to have been fully up to contract conditions.

The judgment is affirmed.

November 25, 1907.

Rehearing refused Dec. 9, 1907.